UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 10633 |
| v. | ) | |
| | ) | Judge Kendall |
| RAMAAN P. MATTHEWS, | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION FOR CONSENT JUDGMENT**

The United States of America, by Andrew S. Boutros, United States Attorney for the Northern District of Illinois, requests the court enter an order for consent judgment, and in support of its motion states as follows:

1.     The United States initiated these proceedings on September 4, 2025, against Ramaan P. Matthews seeking triple damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq.* for benefits fraudulently received from the United States Railroad Retirement Board. Dkt. 1.

2.     Matthews completed a waiver of service of summons and, after counsel appeared on behalf of Matthews, the parties have signed the attached stipulation for entry of consent judgment. Exhibit A.

WHEREFORE, the United States requests that this court enter an order of judgment in the amount of $79,600.80.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Julia D. Loper
    JULIA D. LOPER
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5351
    julia.loper@usdoj.gov

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.  25 C 10633 |
| v. | ) |
| | ) Judge Kendall |
| RAMAAN P. MATTHEWS, | ) |
| | ) |
| Defendant. | ) |

**STIPULATION FOR ENTRY OF CONSENT JUDGMENT**

The United States of America, by Andrew S. Boutros, United States attorney for the Northern District of Illinois, and Ramaan P. Matthews, hereby stipulate and agree as follows:

1. This court has subject matter jurisdiction over this matter under 31 U.S.C. § 3730(a) and 28 U.S.C. § 1345.

2. The court has personal jurisdiction over the defendant Ramaan P. Matthews, who waived service of summons.

3. Matthews acknowledges his liability to the United States in the amount $79,600.80, which is 1.5 times the damages of $53,067.20 in connection with his receipt of unemployment insurance benefits from the United States Railroad Retirement Board, as is more fully set out in the complaint filed in this cause.

4. Matthews agrees to submit a financial statement and copies of his federal and state income tax returns for the prior year to the United States Attorney's Office on May 15th of each year, until the judgment debt is paid in full.  Matthews further agrees to notify the United States Attorney's Office by mail within thirty days of any change of address or employment until the judgment debt is paid in full.

5.      In return for Matthews' consent to entry of judgment, the United States agrees to accept a judgment in the amount of $79,600.80, plus post-judgment interest at the schedule and on the terms set forth below.

6.      Matthews agrees to pay the judgment as follows:

a)      One lump sum payment of $1,000 on or before June 10, 2026;

b)      Monthly payments toward the judgment of at least $1,000 per month, with the first monthly payment due on September 1, 2026, and continuing until the judgment is paid in full.

c)      All payments shall be made electronically to the U.S. Department of Justice through the pay.gov portal, or by such method as the Department of Justice or the United States Attorney's office shall direct.

7.      The United States and Matthews agree that:

a)      Interest is waived on the judgment until June 1, 2028, at which time interest will begin to accrue on the balance due.

b)      If Matthews misses any payment or is more than five days late on any monthly payment before June 1, 2028, interest will begin to accrue on that date without additional notice, and the United States may commence wage garnishment proceedings or any other enforced collection action.

c)      After entry of the consent judgment, the United States will immediately record a judgment lien against Matthews.  The proceeds from the sale of any real estate in which Matthews has an interest may be used to satisfy this judgment debt.

d)      For as long as Matthews makes on-time monthly payments as set forth in paragraph 6(b), the United States will not institute any garnishment proceedings.

e)      Unless stated otherwise, nothing in this stipulation shall be interpreted to prevent the United States from employing any lawful remedy to enforce the judgment.

f)      Upon receipt of the initial payment described in paragraph 6(a), the United States will file this stipulation for entry of consent judgment and will file a notice of dismissal.

8.      The district court shall retain jurisdiction over this case for purposes of enforcing the Consent Judgment Order.

9.      This is a publicly available document, and Matthews waives any claim that this or any other document filed in this case along with any information contained therein is subject to the Privacy Act of 1974, 5 U.S.C. § 552a.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: _____
    JULIA D. LOPER
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5351
    julia.loper@usdoj.gov

Dated:

By: _____
    088DF2C06E8748F...
    RAMAAN P. MATTHEWS
    3643 W. 86th Place
    Chicago, IL 60652

Dated:   6/18/2026

3

e)    Unless stated otherwise, nothing in this stipulation shall be interpreted to prevent the United States from employing any lawful remedy to enforce the judgment.

f)    Upon receipt of the initial payment described in paragraph 6(a), the United States will file this stipulation for entry of consent judgment and will file a notice of dismissal.

8.    The district court shall retain jurisdiction over this case for purposes of enforcing the Consent Judgment Order.

9.    This is a publicly available document, and Matthews waives any claim that this or any other document filed in this case along with any information contained therein is subject to the Privacy Act of 1974, 5 U.S.C. § 552a.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: *Julia D. Loper*
JULIA D. LOPER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5351
julia.loper@usdoj.gov

Dated: 6/18/2026

By: _____
RAMAAN P. MATTHEWS
3643 W. 86th Place
Chicago, IL 60652

Dated:

3